Okay, the last case for oral argument scheduled today is 514.0524 Buchanan v. Allied Energy, LLC Okay, Clark, Mr. Clark Mr. Brook Okay, as soon as you gentlemen are set up and ready, you may proceed Mr. Clark Okay, please court, counsel This case comes before this court from Lawrence County It involves an oil and gas lease, a 2000, January 2007 oil and gas lease which had a production requirement in it, 200 barrels per 12 months The case, the defense, it was a lease termination complaint of this file The defense was primarily based on a conversation that took place as between the principal of the defense of the government, Terry Piskus, and the son of the, Mr. Buchanan The testimony, trial, when the lease was originally signed, it was signed by Mr. and Mrs. Buchanan, Clarence and Bernice Buchanan Mr. Buchanan passed away after the lease was signed, specifically in January of 2011 Mrs. Buchanan, Bernice Buchanan, was 86 years old at the time of the trial So, the testimony was, although it was, a difference is that when the contacts were, the testimony from both sides was that there was only one contact throughout the time of this lease as between my client and Buchanan's There were multiple contacts, three to four a year, as between my client, Terry Piskus, and Mark Buchanan, the son of Clarence and Bernice Buchanan The testimony was that at no time did Mark Buchanan ever tell my client not to deal with him but rather to deal with his parents Does it really matter what Mark Buchanan says if you're claiming apparent authority? The apparent authority, you agree, won't you, has to come from the principal? That's who has to hold out in some way that the agent has the ability to act on her behalf In what I am suggesting to the court is that the course of conduct and pattern that was established where Buchanan essentially had their son deal with Terry Piskus, that was the act that created this apparent authority And after certain activities were agreed to, there was no objection then by the family? There was, indeed there was not, Your Honor And this was over a period of time? This was over a period of multiple years, exactly And so we ultimately get to the summer of 2013 and this is where there's some conflicting, not some, but clearly conflicting testimony as to what occurred There's no dispute that there's a meeting and a conversation between Mark Buchanan and Terry Piskus There's no dispute that that conversation took place There is a dispute between essentially what was said And they were discussing the production levels that were required by this lease And the Mark Buchanan version was that he would essentially relay the Piskus proposal to his mom and get back to Piskus The Piskus version was that Mark said, everything's fine, continue what you're doing He would tell his mom that the production levels were okay There's no dispute that the production levels did not meet the contractual requirement Well, that depends on what time period you're talking about As far as your issues on appeal, you're relying solely on apparent authority to change the agreement Exactly So you're pretty much conceding that in the absence of some agreement to modify the original contractual provision requiring 200 barrels within a 12 month period In the absence of that, the lease would terminate Yeah, I concede that I did not raise that as an appeal And I'm not trying to split this too fine, Your Honor, if you don't take it this way But I do need to say that historically, going from 07, 08, 09, you know, there's no problem The production levels are fine There got to be a question here in the May-June period of 2013 And my client thought, between the production that was sold, the production that was going to be sold It had been produced, but it was in the process of being sold In some production that was in the tank, production in the tank, still sitting there That he thought that he had met the requirement But, to answer your question, you know, with full honesty, so to speak If you look forward from that time, then clearly there are problems Okay So, given this, really different versions of what So let me ask you another question Sure Even if, you know, you go past the parent authority issue And let's say, let's just assume Martin Buchanan did have a parent authority to bind his mother Right The judge here still got conflicting versions of what happened Exactly So why would his decision be against the manifest way of the evidence? Well, that plays into the second argument I have, I feel Which is the, we had presented a third party witness A fellow named Bruce Stewart Let me just say, the Bruce Stewart who testified in this case, to my knowledge, is not related to me in any way I didn't know there was any other Bruce Stewart around Lawrence County So, I want to make that clear so that nobody thinks I thought it really did not cross my mind I guess the record is clear at that point But anyway, that's why, because there was such a clear and obvious difference in the versions of what happened That's why, from our perspective, this Bruce Stewart testimony was important And frankly, critically important to our case It went to the heart of our defense And the court, we maintain, of course, respectfully maintain that the court erred in not permitting that testimony to come It was offered in the context of an offer of proof But that's the extent of what it was So, that's our position Of course, we thank the court judges for your attention If you have any further questions, I'd be happy to answer them Thank you very much Thank you, Your Honor Counsel? Mr. Brooke? Thank you, Your Honor May it please the court John Brooke, representing the appellee, Ibanez Buchanan This case revolves around one provision of an oil and gas lease That required a minimum of 200 barrels be produced every 12 months in accordance with the lease The trial court held that the defendant had not proven its minimum production They had not produced sufficient evidence to meet the burden of proof that the lease did not terminate by its own terms And... Excuse me just a moment Okay Do you need a glass of water? No There's one right by you if you do Okay, thank you Don't hesitate to take one All right Okay So, picking up First, the trial court found that Mark Buchanan did not lack the apparent authority to ratify or amend the expired oil and gas lease Which was signed by his parents Nowhere was evidence offered at trial that Mark Buchanan had an interest in the lease That he was a mineral owner That he was given authority by his mother or his father at any point in time to act on their behalf for the lease And furthermore, a few meetings out on the farm with a farmer Speaking about an oil and gas lease that has caused problems such as trespass and leaking lines Do not give rise to reasonable reliance that they can amend an oil and gas lease Well, as far as apparent authority, you point out in your brief that the actions that give rise to apparent authority must come from the principal Here that would be Bernice And that's clearly the law Was there any evidence that at any point Bernice said to Terry Fiscus, talk to Mark or you can talk to Mark Or Mark can talk for me Is there any evidence like that? No Testimony at trial There were two times I believe where the original lease signing Where Mrs. Buchanan and Mr. Fiscus met And then when he arrived at her house to discuss the lease in 2013 And no evidence was put on a trial that apparent authority on the part of Mark was discussed So your position would be, I take it, that even if there was all kinds of evidence that Mark told Terry Fiscus repeatedly You know, I'm acting for my mother, I've got authority to act for my mother I can bind my mother, no matter what he said, that doesn't give rise to apparent authority, does it? No Is there any issue though in apparent authority where there's ratification? Where something occurs and Mrs. Buchanan, Bernice doesn't say anything about it Does that give rise to apparent authority then? It would take some inaction on her part, I feel Ignoring it, Mark Buchanan even said himself he acted as a messenger boy Just taking messages back and forth between Fiscus and his mother But was there any evidence of inaction on her part? No Nothing that Mark did on her behalf that she became aware of and didn't object or take any action? Not that I'm aware of Okay Alright Moving forward, on to the hearsay and impeachment testimony As I stated in the brief, the Boyce case will allow for inconsistent statement Only for impeachment testimony, only if a proper foundation is laid And if that is done through drawing the witness' direct attention to the time, place and circumstances of the outpour statement And all this is done to prevent unfair surprise The prior inconsistent statement in this case We're getting to the Bruce Stewart conversation And this was a conversation with Mark Correct Sorry, excuse me Yes, a conversation with Mark after the lease had terminated So the lease terminated by its own terms The language of the lease states that if 200 barrels are not met every 12 months, the lease immediately terminates Is that a version of what's called a habendum clause? Never mind, go ahead Okay Okay, the trial court correctly excluded the testimony of Bruce Stewart as hearsay And based on it not being usable as impeachment testimony for a prior inconsistent statement All right As worth noting Even if this were aired on the trial court, it is not prejudicial in any form to the appellate in this case Because the lease had already expired before the conversations had even taken place Unless there are any questions, I'll... So what relief are you asking for from the court? That the trial court decision be upheld That's it You're happy with the order as it is? Yes Okay Justice Blum I have no questions Thank you very much Rebuttal? Okay, thank you very much This matter will be taken under advisement and a disposition will be issued in due course